**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4630

GERALD EUGENE STEVENS,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-98-1)

Submitted: April 29, 1999

Decided: May 7, 1999

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David H. Wilmoth, Elkins, West Virginia, for Appellant. Sherry L.
Muncy, OFFICE OF THE UNITED STATES ATTORNEY, Elkins,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald Eugene Stevens pled guilty to an information charging that he made a false material statement to a firearms dealer when he acquired two firearms, see 18 U.S.C.A. § 922(a)(6) (West Supp. 1999). He was sentenced to a term of sixty months imprisonment. Stevens' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his view there are no meritorious issues for appeal. Stevens has filed a pro se supplemental brief raising two additional issues. His motions to submit the brief out of time are granted. After a thorough review of the record, we affirm the conviction and sentence.

Addressing first the issues raised by counsel, we find that the district court did not clearly err in denying Stevens a three-level adjustment for acceptance of responsibility, see U.S. Sentencing Guidelines Manual § 3E1.1(b) (1997), because neither his guilty plea--entered the day of trial--nor any cooperation he may have provided thereafter was timely.[1] The district court correctly determined that Stevens had seven criminal history points, which placed him in category IV.[2] The court correctly declined to hear Stevens' challenge to a prior West Virginia conviction for damage to timber because the conviction had not been reversed, vacated, or declared invalid. See USSG § 4A1.1, comment. (n.6). The court also properly assigned criminal history points for burglary sentences Stevens incurred in Pennsylvania and West Virginia under USSG § 4A1.1(a) and (f), although they were related cases. The issues raised in Stevens' pro se brief are without merit.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Stevens' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

_____

[1] Stevens received a two-level adjustment for acceptance of responsibility under § 3E1.1(a).
[2] The district court departed downward to category III under USSG § 4A1.3, p.s.

2

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED